HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

IN RE: STEPHEN K. EUGSTER,

10

    Respondent.

Case No.  2:18-mc-00066-RSM

11

ORDER AFFIRMING
DECLINATION OF RECUSAL

12

13

       This matter comes before the Court on Chief Judge Ricardo S. Martinez's referral

14

under Local Civil Rule 3(f).  Respondent Stephen K. Eugster moved to disqualify Judge

15

Martinez from this action.  Dkt. # 5.  Judge Martinez declined to recuse himself and

16

referred the motion to the undersigned.  Dkt. # 7.

17

       The applicable recusal statute provides as follows:

18

(a) Any justice, judge, or magistrate judge of the United States shall
disqualify himself in any proceeding in which his impartiality might
reasonably be questioned.

19

20

(b) He shall also disqualify himself in the following circumstances:

21

    (1) Where he has a personal bias or prejudice concerning a party, or
personal knowledge of disputed evidentiary facts concerning the
proceeding;

22

23

    (2) Where in private practice he served as lawyer in the matter in
controversy, or a lawyer with whom he previously practiced law served
during such association as a lawyer concerning the matter, or the judge or
such lawyer has been a material witness concerning it;

24

25

26

    (3) Where he has served in governmental employment and in such
capacity participated as counsel, adviser or material witness concerning the

27

28

ORDER – 1

1

2

proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

3   28 U.S.C. § 455.  Further, 28 U.S.C. § 144 provides that when "the judge before whom

4   the matter is pending has a personal bias or prejudice either against him or in favor of any

5   adverse party," a party may file an affidavit stating, "the facts and reasons for the belief

6   that bias or prejudice exists," and the case will be assigned to another judge.  "Under both

7   statutes, recusal is appropriate where a reasonable person with knowledge of all the facts

8   would conclude that the judge's impartiality might reasonably be questioned." *Yagman*

9   *v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotations and citations

10  omitted).  "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United*

11  *States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

12       Mr. Eugster's motion to disqualify is based on an order that Judge Martinez

13  entered in *Caruso v. Washington State Bar Ass'n*, No. 2:17-cv-00003-RSM, 2019 WL

14  5549608, at *1 (W.D. Wash. Oct. 28, 2019).  In that case, Judge Martinez entered a pre-

15  filing order enjoining Mr. Eugster from filing certain challenges in federal and state court

16  without the Court's consent.  *Id.* (Dkt. # 86).  After Judge Martinez entered the pre-filing

17  order, Mr. Eugster sought leave to file a proposed Rule 60 motion.  *Id.* (Dkt. # 87).  Judge

18  Martinez, in a single order, granted leave and then denied the proposed motion ("Order").

19  *Id.* (Dkt. # 88) (holding that the Rule 60 motion was "not strictly subject to the bar

20  order").  In that Order, he held that the motion was "procedurally deficient and untimely"

21  and a veiled attempt to "relitigate th[e] case." *Id.*

22       In this matter, Mr. Eugster argues that the Order was (1) "extrajudicial proof" of

23  bias and (2) the "rare circumstance" when a judicial statement may disqualify a judge.

24  Dkt. # 5 at 5-7.  Neither of these arguments are supported by facts.

25       First, despite Mr. Eugster's characterization, the Order was not "extrajudicial."  It

26  was plainly an adverse ruling made while Judge Martinez presided over a case.  *United*

27  *States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (explaining that the "extrajudicial

28  ORDER – 2

source" factor requires "something other than rulings, opinions formed or statements made by the judge during the course of" a case).  Thus, Mr. Eugster has failed to show an extrajudicial source justifying recusal.

Second, in a single sentence, Mr. Eugster concludes that, even if the Order were not extrajudicial, the events here amount to "that 'rare circumstance' where judicial statements can be used to establish a judge is disqualified."  Dkt. # 5 at 7.  He offers no argument in support.  He merely refers to a petition in which he compiled Judge Martinez's various adverse rulings against him.  *Id.*; Dkt. # 5-1 at 16-23.  This is insufficient to show the "rarest of circumstances" that occasionally arise when events in a courtroom so "embroil [a judge] in controversy" that the judge was unable to balance "vindicating the interests of the court and the interests of the accused."  *Holland*, 519 F.3d at 914 n.4 (alteration in original) (quoting *Taylor v. Hayes*, 418 U.S. 488, 501 (1974)).  The Court finds that Judge Martinez was not embroiled in such controversy here.

Therefore, the Court **AFFIRMS** Judge Martinez's order declining to recuse himself (Dkt. # 7) and **DENIES** Mr. Eugster's motion (Dkt. # 5).

DATED this 7th day of July, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3